UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYRONE HURT,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

No. C 12-3240 PJH

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

    The court has received plaintiff's complaint and application to proceed in forma pauperis, both filed in this court on June 22, 2012. Because there is no legal basis for plaintiff's complaint, the court denies plaintiff's application and dismisses the complaint sua sponte.

    Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is often done sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at 1831. Where a litigant is acting pro se and the court finds the litigant's complaint

frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

Plaintiff's complaint consists of three handwritten pages that are largely illegible and generally incomprehensible where legible. See generally IFP Complaint. Although plaintiff makes vague allegations regarding "same-sex marriage" being "in violation of the Eighth Amendment," plaintiff alleges no clear facts in support of his complaint, states no legitimate basis for the court's subject matter jurisdiction, and does not identify any recognizable causes of action. As such, it is impossible to discern from plaintiff's complaint the legal theories under which plaintiff seeks relief. Accordingly, the court finds plaintiff's complaint frivolous within the meaning of 28 U.S.C. § 1915(e), and plaintiff's complaint is DISMISSED.

Although the court is of the opinion that re-pleading will not resolve the deficiencies in the complaint, the court will nonetheless allow plaintiff an opportunity to file an amended complaint. For that amended complaint to be successful, plaintiff must specify the number of defendants being sued and identify each defendant by official name; must allege separate causes of action; must state a constitutional or statutory basis for each cause of action; and must allege facts showing each defendant's personal involvement in the wrongful act alleged in each cause of action. In addition, plaintiff's amended complaint must allege what the nature of any past related lawsuit was, and whether that lawsuit was filed and heard in state or federal court. Any amended complaint must be filed no later than **July 19, 2012**.

If plaintiff fails to file the amended complaint by July 19, 2012, or if he files an amended complaint not in accordance with the above instructions, the case will be dismissed with prejudice.

Because the court orders dismissal pursuant to 28 U.S.C. § 1915, plaintiff's request to proceed in forma pauperis is DENIED without prejudice. The court will construe an amended complaint as a renewed request which will be granted if the amended complaint states a viable cause of action.

**IT IS SO ORDERED.**

Dated: June 28, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge